James R. Belcher
Wyoming Bar # 5-2556
Belcher & Boomgaarden LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**WELLS FARGO BANK, N.A.'s MEMORANDUM
OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' FRAUD COUNTERCLAIM**

Plaintiff-Counterclaim Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Belcher & Boomgaarden LLP, submits its Memorandum of Law in support of its Motion to Dismiss Defendants' Counterclaim for Fraud ("Fraud Claim") in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Defendants Fraud Claim fails to state a claim for which relief can be granted.

## INTRODUCTION

In May 2011, Wells Fargo granted a loan (defined by NRNS in its Answer as the "TI Loan") to Defendant Northern Rockies Neuro-Spine, P.C. ("NRNS") which is evidenced by a Promissory Note dated May 23, 2011, payable by NRNS to Wells Fargo in the original principal amount of $850,000.00.  At the time Wells Fargo made the loan to NRNS, Defendants John H. Schneider, Michelle Schneider, Schneider Limited Partnership, John Schneider Revocable Trust U/A/D November 20, 2007, Michelle Schneider Revocable Trust U/A/D November 20, 2007 and Schneider Management, LLC (the "NRNS Guarantors") each executed and delivered to Wells Fargo a Commercial Guaranty dated May 23, 2011 in which they personally guaranteed payment of the Note.  The Note matured on June 15, 2012 but NRNS failed to pay the unpaid balance.  When the parties were unable to arrive at an acceptable agreement to renew the loan balance, Wells Fargo demanded payment and filed this action to collect the loan balance.  In response, the Defendants assert various defenses and six counterclaims: breach of contract, breach of the implied

covenant of good faith and fair dealing, promissory estoppel, equitable estoppel, negligent misrepresentation and fraud in the inducement. All of the counterclaims are based on the allegation that Wells Fargo promised to convert the TI Loan to a long-term loan but Wells Fargo refused to do so.

Wells Fargo's Motion to Dismiss addresses only the Fraud Claim.

## STANDARD OF REVIEW

Wells Fargo brings its Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1973-1974 (2007). Pleadings that are unable to "show" the requisite plausibility are exposed by Rule 12(b)(6) at an early stage in the litigation so as to minimize the costs of time and money by the litigants and the courts. *Id.*, 550 U.S. at 557-558, 127 S.Ct. at 1966 (citations omitted).

In evaluating a Rule 12(b)(6) motion, the Court must conduct a two-part test. Legal conclusions must first be isolated (and ignored), so as to uncover the claimant's purely factual allegations, and second, those factual allegations will be presumed true and then examined for plausibility. *See Ashcroft v. Iqbal*, ___, U.S. __, ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d. 868 (2009). While Wells Fargo would deny many of the averments in the Defendants' Fraud Counterclaim, the Court must assume that all well-pleaded factual (but not conclusory) allegations

are true and view all reasonable inferences in favor of the Defendants. *See Moss v. Kopp,* 559 F.3d 1155, 1159 (10th Cir. 2010). Pleadings must be liberally construed, and dismissal may be granted only if it appears that the Defendants are unable to prove any set of facts entitling them to relief under their theory of recovery. *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

### FRAUD CLAIMS MUST BE PLED WITH PARTICULARITY

Although Fed.R.Civ.P. 8 sets forth general rules of pleading, Rule 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud. This requires the complaining party to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.' *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000) (citations omitted). An allegation of time or place is material when testing the sufficiency of a pleading. Fed.R.Civ.P. 9(f). A statement that alleged misrepresentations were made during a certain year and continuing thereafter does not satisfy the pleading requirement of Rule 9(b), *Koch,* 203 F.3d at 1237, and failure to specify the place at which such misrepresentations were made also fails to satisfy the pleading requirement of Rule 9(b). *Id.* Such failure to properly plead a fraud claim requires dismissal under Rule 12(b)(6). *Heavy Petroleum Partners, LLC v. Atkins,* 457 Fed.Appx. 735, 742-43, 2012 WL 120058 (10th Cir. 2012) (dismissing fraud counterclaims that fail to state the time and place of alleged misstatements).

The reason for the particularity required in pleading a fraud claim is to allow a party to prepare an effective response and protect the party against whom fraud is claimed from unfounded charges of wrongdoing which might injure its reputation and goodwill. *Ramada Franchise Systems, Inc. v. Trespop, Ltd.,* 188 F.R.D. 610, 612 (D.Ks. 1999). Dismissal of improperly plead fraud claims avoids fishing expeditions through discovery. 5A Wright & Miller, *Federal Practice and Procedure; Civil 3d* § 1296, p.38.

## DEFENDANTS' ALLEGATIONS OF FRAUDULENT CONDUCT FAIL TO SATISFY RULE 9(B)

The Defendants' allegations supporting their Fraud Claim are only general in nature and fail to comply with the pleading requirements of Rule 9(b). In support of their Fraud Claim, they allege the following: Wells Fargo solicited business from NRNS, the Defendants and related entities. Glenn Ross, an officer in Wells Fargo's Wyoming office, was the only officer with which they had contact. Wells Fargo offered to grant a loan to NRNS for tenant improvements in a building to be constructed for and owned by ONI Realty Investors, LLC. Wells Fargo promised to convert the loan to a long term loan when construction of tenant improvements was complete, conditioned on Dr. Schneider's promise to secure financing of the building loan through Wells Fargo. Wells Fargo granted a $3,700,000 construction loan to ONI Realty Investors in 2010. In 2011, Mr. Ross offered to grant the TI Loan to NRNS and thereafter verbally guaranteed that the loan would be converted to a long-term loan, with a low interest rate at the end of construction of the building owned by ONI Realty Investors, LLC. In April of 2012, Mr. Ross verbally guaranteed a 10 year loan term on the TI

5

Loan. When the TI Loan matured in June of 2012, Wells Fargo refused to convert the TI loan to a long-term loan. (Counterclaim ¶¶ 16, 19, 22, 24, 25, 26, 31, 32, 48, 54, 59). The only allegation that complies is that Glenn Ross was the person identified as having made some of the alleged statements that Wells Fargo would convert the TI Loan to a long-term loan. Nowhere do the Defendants state when or where the alleged statements were made. Accordingly, the Defendants have failed to state a counterclaim for fraud for which relief can be granted. Under Fed.R.Civ. P. 12(b)(6), their Fraud Claim should be dismissed.

### DEFENDANTS' ALLEGATIONS THAT WELLS FARGO PROMISED TO CONVERT THE LOAN TO A LONG-TERM LOAN DOES NOT SUPPORT A FRAUD CLAIM

Assuming, *arguendo,* that the Defendants had included allegations that satisfy Rule 9(b), they do not support a fraud claim. According to the Defendants, Wells Fargo promised that it would convert the TI Loan to a long-term loan. Even if that statement had been made, it does not support a claim for fraud. The law in Wyoming is clear on that point. A promise of a party's intention to act in the future does not support a fraud claim. *Meyer v. Ludvik,* 680 P.2d 459, 463 (Wyo. 1984) (citations omitted); *Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc.,* 912 F.2d 1238, 1244 (10th Cir. 1990). Accordingly, the Defendants fail to state a claim for fraud on which relief can be granted, and their fraud claim should be dismissed.

### CONCLUSION

Defendants have failed to plead their Fraud Claim with the particularity required by Fed.R.Civ.P. 9(b). In addition, their reliance on an alleged promise to convert the TI Loan to a long-

term loan fails to support a claim for fraud for which relief can be granted. Consequently, their Fraud Claim should be dismissed under Fed.R.Civ.P. 12(b)(6). Wells Fargo respectfully requests the Court dismiss with prejudice Defendants' Fraud Claim.

Dated this 16th day of November, 2012.

/s/
James R. Belcher
Wyoming Bar # 5-2556
BELCHER & BOOMGAARDEN LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of WELLS FARGO BANK, N.A.'s MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' FRAUD CLAIM was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

    Michael D. Greear
    David Clark
    Worrall & Greear, P.C.
    Attorneys for Defendants

    /s/
    James R. Belcher