James R. Belcher
Wyoming Bar # 5-2556
Belcher & Boomgaarden LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.
CM/ECF Registered

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## WELLS FARGO BANK'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANTS' COUNTERCLAIMS OTHER THAN FRAUD

Plaintiff-Counterclaim Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Belcher & Boomgaarden LLP, pursuant to USDCLR 7.1 and Fed.R.Civ.P. 6(b), moves for an order extending the time within which Wells Fargo must respond to the counterclaims of the Defendants other than their counterclaim for fraud ("Fraud Claim"). In support of this Motion Wells Fargo advises the Court as follows:

1. In response to Wells Fargo's claims for judgment on a promissory note and guaranty, the Defendants have asserted six counterclaims. One is the Fraud Claim and the others consist of claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, equitable estoppel and negligent misrepresentation.

2. Wells Fargo has filed a motion to dismiss the Fraud Claim under Fed.R.Civ.P. 12(b)(6).

3. Fed.R.Civ.P. 12(a)(4) automatically extends the time for Wells Fargo to respond to the Fraud Claim until after the Court rules on its motion to dismiss. However, it does not expressly address the response time for the other counterclaims asserted by the Defendants. The majority rule of courts that have considered this question is that Rule 12(a)(4) also extends the time to respond to other claims/counterclaims. *See* 5B Wright & Miller, *Federal Practice & Procedure Civil 3d* § 1346, p. 46 and cases cited in notes 17 and 18 thereto; *Low v. Chu,* 2009 WL 4892600

\* 1 (N.D.Okla. 2009) (ruling that requiring a party to respond to claims in a "piecemeal fashion" makes no sense and burdens the court with duplicative pleadings).

    4.    Counsel for Wells Fargo conferred with counsel for the Defendants by telephone conference on November 16, 2012 and the Defendants do not oppose Wells Fargo's motion to extend the response time.

For the foregoing reasons, Wells Fargo requests that the Court extend the time within which Wells Fargo must respond to the Defendants' counterclaims until 14 days after notice of the Court's ruling on Wells Fargo's motion to dismiss the Defendants' Fraud Claim, as provided by Fed.R.Civ.P. 12(a)(4).

DATED this 16th day of November, 2012.

/s/
James R. Belcher
Wyoming Bar # 5-2556
BELCHER & BOOMGAARDEN LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of WELLS FARGO BANK'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANTS' COUNTERCLAIMS OTHER THAN FRAUD was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

  Michael D. Greear
  David Clark
  Worrall & Greear, P.C.
  Attorneys for Defendants

                /s/ _____
                James R. Belcher