Michael D. Greear
Wyoming Bar # 6-2776
Worrall & Greear, P.C.
P.O. Box 552
Worland, WY 82401
(307) 347-9801
(307) 347-2859
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A.,<br> a national bank, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-<br>SPINE, P.C., a Wyoming corporation,<br>JOHN H. SCHNEIDER, MICHELLE<br>SCHNEIDER, SCHNEIDER LIMITED<br>PARTNERSHIP, a Wyoming limited<br>partnership, JOHN SCHNEIDER<br>REVOCABLE TRUST U/A/D<br>NOVEMBER 20, 2007, MICHELLE<br>SCHNEIDER REVOCABLE TRUST<br>U/A/D NOVEMBER 20, 2007,<br>SCHNEIDER MANAGEMENT, LLC,<br>a Wyoming limited liability company, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM IN OPPOSITION TO WELLS FARGO BANK'S
## MOTION TO DISMISS DEFENDANTS' FRAUD CLAIM

Defendants, Northern Rockies Neuro-Spine, P.C., John H. Schneider, Michelle Schneider, Schneider Limited Partnership, John Schneider Revocable Trust U/A/D November 20, 2007, Michelle Schneider Revocable Trust U/A/D November 20, 2007, and Schneider Management, LLC, ("Defendants") by and through undersigned counsel, submit the following memorandum in opposition to WELLS FARGO BANK'S MOTION TO DISMISS DEFENDANTS' FRAUD CLAIM and in opposition to WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FRAUD COUNTERCLAIM.

## <u>INTRODUCTION</u>

Defendants asserted several claims for relief in their counterclaim as originally filed with the Court, including a claim for relief under the title "Fraud in the Inducement" (hereinafter referred to as the "Fraud Claim"). Wells Fargo moved for dismissal of the Fraud Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Concurrently with the filing of this Memorandum in Opposition, Defendants have filed with the Court a MOTION TO AMEND ANSWER TO COMPLAINT. It is expected that said motion will be granted pursuant to Federal Rule 15(a)(1)(B). The counterclaim within said

pleading more specifically sets forth certain allegations pertaining to the Fraud Claim, and in doing so, addresses some of Plaintiff's concerns as set forth in its motion to dismiss.  For purposes of efficiency, and as it is expected that the motion to amend the answer will be granted, this memorandum in opposition refers to the allegations as set forth in the proposed FIRST AMENDED ANSWER TO COMPLAINT.

This Court should deny Wells Fargo's motion to dismiss upon application of the well-known standards for dismissal as set forth in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and upon application of the heightened fraud standard of Rule 9(b) of the Federal Rules of Civil Procedure.

The facts supplied in the Fraud Claim are more than sufficient to satisfy the *Iqbal* and *Twombly* pleading standards as well as Rule 9(b)'s heightened standard.  The Fraud Claim provides a history of the dealings between the parties and alleges specific statements or representations made by Wells Fargo that are the subject of the Fraud Claim. Said allegations include the who, what, how, where, and when with respect to what Defendants suspect was an intentional misrepresentation on the part of

Wells Fargo's agent. Because discovery has not yet even begun, the allegations pertaining to the Fraud Claim represent Defendants' current understanding of the facts.

Wells Fargo also asserts, as an additional basis for dismissal, that a promise of a party's intention to act in the future does not support a claim for fraud. However, the same case law relied upon by Wells Fargo in support of this theory of dismissal will not support a Rule 12(b)(6) dismissal of the Defendants' Fraud Claim.

Wells Fargo's motion to dismiss should be denied.

## SUMMARY OF THE ARGUMENT

I.      Defendants have pleaded its Fraud Claim with adequate specificity under relevant federal and state law.  Defendants have pleaded the who, what, how, where, and when with respect to what Defendants suspect was an intentional misrepresentation on the part of Wells Fargo's agent.

II.      Under *Meyer v. Ludvik*, while "a promise or a statement of one's intention to act in the future, without more, cannot form the basis for an

action in fraud, . . . [i]f such promise is made with the intention of not

performing, it is a misrepresentation of an existing fact and is generally held

to be actionable." *Meyer v. Ludvik*, 680 P.2d 459, 463-64 (Wyo. 1984) (internal

citations omitted). As Defendants have alleged that Wells Fargo, through its

agents, made promises to Defendants with no intention of performing, the

Fraud Claim should not be dismissed on a Rule 12(b)(6) motion.


## ARGUMENT

### I.   DEFENDANTS HAVE STATED A PROPER CLAIM FOR FRAUD IN THE INDUCEMENT.

As explained in sub-part a below, Defendants' Fraud Claim satisfies

notice pleading standards to assert a claim for relief for fraud in the

inducement by Wells Fargo. In addition, as explained in sub-part b below,

Defendants Fraud Claim also satisfies the heightened pleading burden for

fraud under Rule 9(b).

a. *Defendants' Fraud Claim is sufficient to state a claim for relief under Federal Rule of Civil Procedure 8(a)(2).*

The question as to whether Defendants will ultimately prevail on the Fraud Claim is immaterial to Plaintiff's Rule 12(b)(6) motion to dismiss. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [Defendants' counterclaim] alone is legally sufficient to state a claim." *Miller v.* Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991); *Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) ("When ruling on a Rule 12(b)(6) motion, the district court must examine only the [Defendants' counterclaim]"); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) *rev'd on other grounds*, 534 U.S. 1161 (2002) (court may not look beyond the four corners of the counterclaim when deciding a motion to dismiss under Rule 12(b)(6)). "Granting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the …claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations;" rather, it must only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal cites omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In *Twombly*, the Court noted that the plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the [defendant's misconduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is

very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)); *see also, Iqbal*, 556 U.S. at 696.

In a diversity case such as this, the federal court must apply the substantive laws of the state in which it sits. *Boyd Rosene and Assoc's, Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352-53 (10th Cir. 1997); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817 (1938).   The law does not require Defendants to plead each and every element of its prima facie case. Nevertheless, Defendants' counterclaim provides more than enough factual allegations to meet each element of its alleged claims for relief, including the Fraud Claim.

Under Wyoming law, the elements of a claim of fraud are as follows: "(1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages." *Sundown, Inc. v. Pearson Real Estate Co., Inc.*, 8 P.3d 324, 330 (Wyo. 2000) (citing *Jurkovich v. Tomlinson,* 905 P.2d 409, 411 (Wyo.1995); *Lavoie v. Safecare Health Service, Inc.,* 840 P.2d 239, 252 (Wyo.1992); *Husman, Inc. v. Triton Coal Co.,* 809 P.2d 796, 799 (Wyo.1991). *See also*

*Britton v. Bill Anselmi Pontiac-Buick-GMC, Inc.,* 786 P.2d 855, 860

(Wyo.1990); *Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.,* 773 P.2d

911, 919 (Wyo.1989)).

It is evident from Wells Fargo's memorandum in support of its motion

to dismiss that Plaintiff has a thorough understanding of the Fraud Claim as

alleged.  While not required under the notice pleading standard, each of the

required elements, under Wyoming law, have been pleaded in the Fraud

Claim, which includes paragraphs numbered 1 through 59 which are

incorporated into that claim for relief. Those elements have been specifically

pleaded as follows:

1. Wells Fargo "made a false representation intended to induce
   action by the [Defendants]" (Counterclaim, ¶¶ 15, 24, 25, 26, 27
   and 61 – 63, 65);

2. Defendants "reasonably believed the representation to be true"
   (Counterclaim, ¶64); and

3. Defendants "relied on the false representation and suffered
   damages" (Counterclaim, ¶¶ 26, 31, 65, and 66).

*Id*.

Defendants' Fraud Claim meets the pleading standard set forth in *Twombly* and *Iqbal*. The Fraud Claim shows that Defendants are "entitled to relief" and it does 'give the [Plaintiff] fair notice of what the …claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Therefore, it should not be dismissed on that basis.

  b. *Defendants' Fraud Claim is sufficient to state a claim for relief under Federal Rule of Civil Procedure 8(a)(2).*

While the liberal pleading standard as discussed in *Twombly* and *Iqbal* is not abandoned when fraud is alleged, Rule 9(b) requires that the "circumstances" of that fraud be pleaded "with particularity." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006). This includes setting forth the "who, what, when, where and how" of the alleged fraud. *Id.* at 727.[1]

---

[1] "'An insufficient allegation of fraud or mistake is subject to the liberal amendment provisions of Rule 15.'" *Johnson v. Aetna Cas. & Sur. Co. of Hartford, Con.*, 608 P2d 1299, 1302 (Wy. 1980) (holding trial court abused its discretion in dismissing fraud claim with prejudice – reversing with instructions that plaintiff may amend his complaint to meet the requirements of Rule 9(b)) (quoting 5 Wright & Miller, Federal Practice and Procedure: Civil § 1300).  In the alternative, if its claims are found to be deficient, Defendants pray that any dismissal be without prejudice, and that it be given leave to amend its counterclaim.

During the course of its negotiations with Wells Fargo for financing of various projects underway by NRNS and related entities, Wells Fargo made certain statements to Defendants that Wells Fargo would convert the TI loan to a long term, low interest loan. Those statements are alleged to be false, and are alleged to have been made with the intent to induce action on the part of Defendants. Among other instances generally alleged in the Fraud Claim, those false statements were made by Glenn Ross, as an agent for Wells Fargo, on April 24, 2011, May 18, 2011, and May 19, 2011 at Mr. Ross' Wells Fargo office in Cody, Wyoming. The Fraud Claim clearly sets forth the content of those statements, and it is clearly alleged in the Fraud Claim that those statements were misrepresentations of fact. Among other specific allegations relevant to the Fraud Claim, Defendants have specifically pleaded the following:

1. Who:  Glenn Ross, an agent for Wells Fargo (Counterclaim, ¶¶ 10, 15, 24, 25, 27, and 61 - 63);

2. What:  Material false representation that the TI loan would be converted to a long term, low interest loan prior to maturity of the TI loan (Counterclaim, ¶¶ 24, 25, and 61 - 63);

3. How:  By making verbal promises to induce reliance and action by Dr. Schneider, who was acting individually and on behalf of the various Defendants (Counterclaim, ¶¶ 11 - 31, and 61 - 66);

4. Where:  The Wells Fargo office of Glenn Ross in Cody, Wyoming (Counterclaim, ¶¶ 24, 25, and 61); and

5. When:  Among other occurrences generally alleged, on April 24, 2011, May 18, 2011, and May 19, 2011 (Counterclaim, ¶¶ 24, 25, 61, and 62).

Thus, the "who, what, when, where and how" of the alleged fraud has been correctly pleaded in the Fraud Claim. *Id*. As such, Wells Fargo's Rule 12(b)(9) motion to dismiss should be denied.

## II. *MEYER V. LUDVIK* DOES NOT BAR DEFENDANTS' FRAUD CLAIM.

Wells Fargo asserts that "[a]ssuming, arguendo, that the Defendants have included allegations that satisfy Rule 9(b), they do not support a fraud claim." See Def. Memorandum, p. 6. Wells Fargo goes on to explain, citing *Meyer v. Ludvik* as the rationale, that even if Wells Fargo had promised that it would convert the TI loan to a long-term loan, "[a] party's intention to act

in the future does not support a fraud claim." Plaintiff's Memorandum, p. 6.

(citing *Meyer v. Ludvik*, 680 P.2d 459, 463-64 (Wyo. 1984)).

This statement, however, does not reflect the holding in *Meyer*. Rather,

it paraphrases a sentence from that case out of context while ignoring the

holding of that court. That court stated that "a promise or a statement of

one's intention to act in the future, *without more*, cannot form the basis for an

action in fraud." *Meyer v. Ludvik*, 680 P.2d 459, 463-64 (Wyo. 1984)).

(emphasis added). That court went on to state;

> However, a promise constitutes a representation of the maker's
> present intention to perform, which representation is an
> assertion of a fact—the maker's state of mind. If such promise is
> made with the intention of not performing, it is a
> misrepresentation of an existing fact and is generally held to be
> actionable.

*Id*. That court further explained;

> The general rule is that fraud ordinarily cannot be founded upon
> a representation which is promissory in nature. [Citations
> omitted.] This general rule, however, is subject to an exception to
> the effect that if the representation, although promissory in
> nature, is made with no intention of performing it or with a
> present intention not to perform, it may then serve as a
> foundation for an action in fraud; one of the justifications for the
> exception being that there does exist a misrepresentation of a
> present fact, that is, the intention of the promissor.

*Id.* (quoting *Johnson v. Soulis,* Wyo., 542 P.2d 867, 872 (1975)) (citing *Bissett v. Ply-Gem Industries, Inc.,* 533 F.2d 142, 145 (5th Cir.1976); *Schroerlucke v. Hall,* Ky.App., 249 S.W.2d 130 (1952); *Hearns v. Hearns,* 333 Mich. 423, 53 N.W.2d 315 (1952); *Roberson v. Swain,* 235 N.C. 50, 69 S.E.2d 15 (1952); James and Gray, *Misrepresentation—Part II,* § 10, 37 Maryland L.Rev. 488, 502–508 (1978)).

The court in *Meyer* held that based upon the facts as presented there, a claim for fraud was cognizable. In that case, Ludvik was given assurances by a partnership that certain acts would be undertaken should Ludvik follow through with a real estate transaction. Ludvik entered into the real estate transaction, but the partnership failed to perform the actions it had promised. The *Meyer* court found that the jury in that case reasonably concluded that the partnership misrepresented a material fact; that material fact being its intention to follow through with the promise at the time it was made.

In this case, Defendants have alleged that Wells Fargo, through its agent Glenn Ross, made certain assurances that Wells Fargo would take certain actions should Defendants follow through with the financing

transactions. This is very analogous to what happened in *Meyer*. *Id*. Contrary to the representations made by Mr. Ross, Wells Fargo did not convert the TI loan to a long term, low interest loan prior to the notes maturity. And as alleged in paragraph 63, at the time Wells Fargo made the assurances to Defendants, it had no intention to perform its promises.

As such, and as illustrated by the Wyoming Supreme Court in *Meyer*, the Fraud Claim is cognizable and subject to a determination by the finder of fact as to the state of mind of Wells Fargo regarding its intention, if any, at the time of the misrepresentation to convert the TI loan to a long term, low interest note. *Id*. Wells Fargo's motion to dismiss should accordingly be denied.

## CONCLUSION

Based on the foregoing, the Court should deny the motion to dismiss and allow Defendants Fraud Claim to go forward.

**DATED** this 3rd day of December 2012.

**WORRALL & GREEAR, P.C.**

By:_____/s/_____
     Michael D. Greear, WSB #6-2776
     P.O. Box 552
     Worland, WY  82401
     Voice: (307) 347-9801
     Fax: (307) 347-2859
     mgreear@rtconnect.net

By:_____/s/_____
     David M. Clark, WSB #6-4133
     P.O. Box 552
     Worland, WY  82401
     Voice: (307) 347-9801
     Fax: (307) 347-2859
     dc@rtconnect.net

     Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2012, I filed the foregoing electronically through the CM/ECF system or by mailing a true and correct copy by United States mail, postage prepaid and addressed as follows:

James R. Belcher
Belcher & Boomgaarden LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009


_____/s/_____
David M. Clark