FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JAN 29 PM 2 25

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WELLS FARGO BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, et al., <br><br> Defendants. | Case No. 12-CV-221-ABJ |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FRAUD COUNTERCLAIM**

After Defendant Northern Rockies Neuro-Spine, P.C. allegedly defaulted on a promissory note that it owed to Plaintiff Wells Fargo Bank, Wells Fargo brought suit against Northern Rockies Neuro-Spine and the various guarantors of the note seeking a money judgment. In their first amended answer to the complaint, Defendants brought various counterclaims against Wells Fargo, including a fraud claim. Wells Fargo has now filed a motion under Federal Rule of Civil Procedure 12(b)(6) asking this Court to dismiss Defendants' fraud counterclaim with prejudice. The Court **DENIES** Wells Fargo's motion.

## STANDARD OF REVIEW

The standard of review for a Rule 12(b)(6) motion to dismiss applies here. In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss. *See* 556 U.S. 662, 679 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id* at 678, and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## FACTS

After Defendant Northern Rockies Neuro-Spine, P.C. allegedly defaulted on a promissory note that it owed to Plaintiff Wells Fargo Bank, Wells Fargo brought suit against Northern Rockies Neuro-Spine seeking a money judgment on the note. Compl. ¶¶ 12–18, ECF No. 1. Wells Fargo also seeks a money judgment against the guarantors of the note: Defendants John Schneider, Michelle Schneider, the Schneider Limited Partnership, the John Schneider Revocable Trust, the Michelle Schneider Revocable Trust, and Schneider Management, LLC. *Id.* ¶¶ 20–27.

In their first amended answer to the complaint, Defendants brought several counterclaims against Wells Fargo, including a fraud claim. *See* Defs.' First Am. Answer ¶¶ 32–66, ECF No. 16-1. Defendants allege that Glenn Ross, a Wells Fargo agent, verbally promised Defendant John Schneider that Wells Fargo would convert the promissory note to a long term, low interest loan before the note came due. *Id.* ¶ 61. According to Defendants, Wells Fargo made this promise with no intention of ever performing. *Id.* ¶ 63. Mr. Ross allegedly made these promises on April 24, 2011, May 18, 2011, and May 19, 2011 at his Wells Fargo office in Cody, Wyoming. *Id.* ¶ 61. Defendants also allege that Mr. Ross made these promises intending to induce Defendants to engage in various transactions with Wells Fargo, that Defendants reasonably believed Mr. Ross's promises to be true, and that Defendants reasonably relied on Mr. Ross's promises to their detriment. *Id.* ¶¶ 62–66.

Wells Fargo has now filed a motion asking this Court to dismiss Defendants' fraud counterclaim with prejudice under Federal Rule of Civil Procedure 12(b)(6). Pl.'s Mot. at 2, ECF

No. 12. Wells Fargo makes two arguments in favor of dismissal. First, Wells Fargo argues that Defendants have failed to plead their fraud counterclaim with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Pl.'s Mem. at 5–6, ECF No. 13. Second, Wells Fargo argues that Mr. Ross's alleged misrepresentations cannot provide the basis for a fraud claim under the Wyoming Supreme Court's decision in *Meyer v. Ludvik*, 680 P.2d 459 (Wyo. 1984). *Id.* at 6.

Defendants respond that they have pleaded their fraud counterclaim with sufficient particularity to satisfy Rule 9(b). *See* Defs.' Mem. at 10–12, ECF No. 17. They also contend that *Meyer v. Ludvik* does not bar their fraud counterclaim, *see id.* at 12–15, and that they have sufficiently pleaded every element of a fraud claim under Wyoming law such that their fraud counterclaim should survive Wells Fargo's motion to dismiss, *see id.* at 9–10. The Court first will discuss whether Defendants have alleged their fraud counterclaim with sufficient particularity to satisfy Rule 9(b), and then the Court will discuss whether Defendants can maintain their claim under Wyoming law. A brief conclusion follows.

## DISCUSSION

The first issue here is whether Defendants have alleged their fraud counterclaim with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). That rule provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Tenth Circuit has interpreted Rule 9(b) as requiring

a fraud claim to "set forth the who, what, when, where and how of the alleged fraud." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted). A complaint alleging fraud must state "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation marks omitted).

The Court concludes that Defendants' first amended answer satisfies Rule 9(b)'s particularity requirement. On the "who" question, Defendants allege that it was Glenn Ross, a Wells Fargo agent, who made false promises to Defendant John Schneider. Defs.' First Am. Answer ¶¶ 24–25, 61–63, ECF No. 16-1. On the "what" question, Defendants allege that Mr. Ross promised John Schneider that Wells Fargo would convert the promissory note to a long term, low interest loan before the note came due. *Id.* ¶ 61. On the "when" and "where" questions, Defendants allege that Mr. Ross made these false promises on April 24, 2011, May, 18, 2011, and May 19, 2011 at Mr. Ross's Wells Fargo office in Cody, Wyoming. *Id.* And as for "how," Defendants allege that Mr. Ross made these promises verbally. *Id.* ¶¶ 24–25. These allegations are sufficient to afford Wells Fargo fair notice of Defendants' fraud counterclaim and the factual background upon which it is based and thus satisfy Rule 9(b)'s particularity requirement. *See Koch*, 203 F.3d at 1236 ("Rule 9(b)'s purpose is to 'afford defendant fair notice of plaintiff's claims and the factual background upon which they are based.' ").

The second issue here is whether Defendants can maintain their fraud counterclaim as a matter of Wyoming law. Wells Fargo argues that they cannot based on the Wyoming Supreme

Court's decision in *Meyer v. Ludvik*, 680 P.2d 459 (Wyo. 1984). In *Meyer*, the court stated that "a promise or a statement of one's intention to act in the future, without more, cannot form the basis for an action in fraud." *Id.* at 463. Seizing on this language, Wells Fargo argues that this Court should dismiss Defendants' fraud counterclaim because the promise to convert the promissory note to a long term, low interest loan at some point in the future cannot form the basis of Defendants' fraud counterclaim. *See* Pl.'s Mem. at 6, ECF No. 13.

The problem with Wells Fargo's argument is that Wells Fargo did not read the rest of *Meyer*. Here is what the court said in full:

> We agree with appellants that a promise or a statement of one's intention to act in the future, without more, cannot form the basis for an action in fraud. *However*, a promise constitutes a representation of the maker's present intention to perform, which representation is an assertion of a fact—the maker's state of mind. If such a promise is made with the intention of not performing, it is a misrepresentation of an existing fact and is generally held to be actionable.

*Meyer*, 680 P.2d at 463 (emphasis added). The court went on to hold that "if the representation, although promissory in nature, is made with no intention of performing it or with a present intention not to perform, it may then serve as a foundation for an action in fraud." *Id.* (quoting *Johnson v. Soulis*, 642 P.2d 867, 872 (Wyo. 1975)).

Here, Defendants allege that, "to the best of Defendants' current information and belief, Wells Fargo's promises were *made with no intention to perform*." Defs.' Am. Compl. ¶ 63, ECF No. 16-1 (emphasis added). Defendants' allegation puts them squarely within the holding of *Meyer*, which allows fraud claims to go forward when allegations like Defendants' are made. *See Meyer*, 680 P.2d at 463–64. And Rule 9(b) permits Defendants to make such general allegations

of Wells Fargo's intention not to perform. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The Court therefore rejects Wells Fargo's argument that Mr. Ross's promises cannot form the basis for Defendants' fraud counterclaim.

Having concluded that Mr. Ross's promises can form the basis for Defendants' fraud counterclaim, the Court further concludes that Defendants have alleged sufficient facts supporting each element of their fraud counterclaim to survive Wells Fargo's 12(b)(6) motion. Under Wyoming law, the elements of fraud are (1) the defendant made a false representation intended to induce action by the plaintiff, (2) the plaintiff reasonably believed the representation to be true, and (3) the plaintiff relied on the false representation and suffered damages. *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003). Defendants' first amended answer satisfies the first fraud element by alleging that Wells Fargo falsely promised that it would convert the promissory note to a long term, low interest loan, and that Wells Fargo made these representations to induce Defendants to engage in various transactions with Wells Fargo. *See* Defs.' Am. Compl. ¶¶ 61–62, ECF No. 16-1. Defendants also sufficiently allege the second and third fraud elements. *See id.* ¶¶ 63–66. Thus, Defendants' allegations are sufficient to survive Wells Fargo's motion to dismiss.

## CONCLUSION

Defendants have alleged their fraud counterclaim with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Defendants' allegation that Wells Fargo promised that it would convert the promissory note to a long term, low interest loan but had no intention of ever converting the note provides a sufficient basis for Defendants' fraud counterclaim. And Defendants have alleged sufficient facts supporting each element of their fraud counterclaim to survive Wells Fargo's motion. The Court therefore **DENIES** Wells Fargo's motion to dismiss (ECF No. 12).

Dated this 29th day of January, 2013.

Alan B. Johnson
United States District Judge