James R. Belcher
Wyoming Bar # 5-2556
Belcher & Boomgaarden LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.
CM/ECF Registered

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## WELLS FARGO BANK'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

{00100282.DOC }

Plaintiff-Counterclaim Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Belcher & Boomgaarden LLP, submits this Answer to Defendants' Counterclaims in Defendants' First Amended Answer to Complaint.

## ANSWER

1.     Wells Fargo admits the averment in paragraph 1 of Defendants' Counterclaims.

2.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 2 of Defendants' Counterclaims.

3.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 3 of Defendants' Counterclaims.

4.     Wells Fargo admits the averment in paragraph 4 of Defendants' Counterclaims.

5.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 5 of Defendants' Counterclaims.

6.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 6 of Defendants' Counterclaims.

7.     Wells Fargo admits the averment in paragraph 7 of Defendants' Counterclaims.

8.     Wells Fargo admits the averments in paragraph 8 of Defendants' Counterclaims.

9.     Wells Fargo admits the averments in paragraph 9 of Defendants'
Counterclaims that venue is proper in this Court.  Wells Fargo is without knowledge or
information sufficient to form a belief as to the truth of the averments in paragraph 9 of
Defendants' Counterclaims that only some Defendants are residents of Wyoming.

10.     Wells Fargo is without knowledge or information sufficient to form a
belief as to the truth of the averments in paragraph 10 of Defendants' Counterclaims
because the Defendants have failed to identify "another entity owned and controlled by
Dr. Schneider."

11.     Wells Fargo is without knowledge or information sufficient to form a
belief as to the truth of the averments in paragraph 11 of Defendants' Counterclaims.

12.     Wells Fargo is without knowledge or information sufficient to form a
belief as to the truth of the averments in paragraph 12 of Defendants' Counterclaims.

13.     Wells Fargo is without knowledge or information sufficient to form a
belief as to the truth of the averments in paragraph 13 of Defendants' Counterclaims.

14.     Wells Fargo is without knowledge or information sufficient to form a
belief as to the truth of the averments in paragraph 14 of Defendants' Counterclaims.

15.     Wells Fargo denies the averment in paragraph 15 of Defendants'
Counterclaims.

16.     Wells Fargo admits the averments in paragraph 16 of Defendants'
Counterclaims to the extent that at certain times prior to 2012 Wells Fargo pursued Dr.

Schneider and several other Defendants for loans and lines of credit.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 16 of Defendants' Counterclaims.

17.    Wells Fargo denies the averment in paragraph 17 of Defendants' Counterclaims.

18.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of Defendants' Counterclaims.

19.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of Defendants' Counterclaims.

20.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of Defendants' Counterclaims.

21.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of Defendants' Counterclaims.

22.    Wells Fargo admits the averments in paragraph 22 of Defendants' Counterclaims that Wells Fargo granted ONI Realty Investors, LLC a construction loan in the amount of $3,700,000.00 evidenced by a promissory note dated October 28, 2010. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 22 of Defendants' Counterclaims.

23.    Wells Fargo admits the averments in paragraph 23 of Defendants' Counterclaims.

24.     Wells Fargo admits the averment in paragraph 24 of Defendants' Counterclaims to the extent that Wells Fargo offered to grant NRNS a construction loan for tenant improvements.  Wells Fargo denies the remaining averments in paragraph 24 of Defendants' Counterclaims.

25.     Wells Fargo denies the averments in paragraph 25 of Defendants' Counterclaims.

26.     Wells Fargo denies the averments in paragraph 26 of Defendants' Counterclaims.

27.     Wells Fargo denies the averments in paragraph 27 of Defendants' Counterclaims.

28.     Wells Fargo admits the averment in paragraph 28 of Defendants' Counterclaims to the extent that that after the loan had matured, NRNS and Dr. Schneider made an offer to Wells Fargo to repay the tenant improvement loan by making an upfront payment and then making monthly payments and also offered to grant Wells Fargo additional collateral for the loan.  Wells Fargo denies the remaining averments in paragraph 28 of Defendants' Counterclaims.

29.     Wells Fargo admits the averment in paragraph 29 of Defendants' Counterclaims to the extent that that Wells Fargo refused the offer of NRNS and Dr. Schneider to repay the loan over time as proposed.  Wells Fargo denies the remaining averments in paragraph 29 of Defendants' Counterclaims.

30.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of Defendants' Counterclaims.

31.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of Defendants' Counterclaims.

32.    In response to the averment in paragraph 32 of Defendants' Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1 through 31 of Defendants' Counterclaims.

33.    Wells Fargo denies the averments in paragraph 33 of Defendants' Counterclaims.

34.    Wells Fargo denies the averments in paragraph 34 of Defendants' Counterclaims.

35.    Wells Fargo denies there was any "bargain" reached between Dr. Schneider and Wells Fargo, and Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 35 of Defendants' Counterclaims.

36.    Wells Fargo denies the averments in paragraph 36 of Defendants' Counterclaims.

37.    Wells Fargo denies the averments in paragraph 37.

38. In response to the averment in paragraph 38 of Defendants' Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1 through 37 of Defendants' Counterclaims.

39. Wells Fargo denies the averments in paragraph 39 of Defendants' Counterclaims.

40. Wells Fargo denies the averments in paragraph 40 of Defendants' Counterclaims.

41. Wells Fargo denies the averments in paragraph 41 of Defendants' Counterclaims.

42. Wells Fargo denies the averments in paragraph 42 of Defendants' Counterclaims.

43. In response to the averment in paragraph 43 of Defendants' Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1 through 42 of Defendants' Counterclaims.

44. Wells Fargo denies the averments in paragraph 44 of Defendants' Counterclaims.

45. Wells Fargo denies the averments in paragraph 45 of Defendants' Counterclaims.

46. Wells Fargo denies there was any "promise" as averred in paragraph 46 of Defendants' Counterclaims and is without knowledge or information sufficient to form a

belief as to the truth of the remaining averments in paragraph 46 of Defendants' Counterclaims.

47.  Wells Fargo denies the averments in paragraph 47 of Defendants' Counterclaims.

48.  In response to the averment in paragraph 48 of Defendants' Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1 through 47 of Defendants' Counterclaims.

49.  Wells Fargo denies that any conduct of Wells Fargo caused the Defendants to change their position and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 49 of Defendants' Counterclaims.

50.  Wells Fargo denies the averments in paragraph 50 of Defendants' Counterclaims.

51.  Wells Fargo denies the averments in paragraph 51 of Defendants' Counterclaims.

52.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 52 of Defendants' Counterclaims.

53.  Wells Fargo denies that any conduct of Wells Fargo caused the Defendants to change their position and is without knowledge or information sufficient to form a

belief as to the truth of the remaining averments in paragraph 53 of Defendants'
Counterclaims.

54.    Wells Fargo denies the averments in paragraph 54 of Defendants'
Counterclaims.

55.    In response to the averment in paragraph 55 of Defendants'
Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1
through 54 of Defendants' Counterclaims.

56.    Wells Fargo denies the averments in paragraph 56 of Defendants'
Counterclaims.

57.    Wells Fargo denies the averments in paragraph 57 of Defendants'
Counterclaims.

58.    Wells Fargo denies the averments in paragraph 58 of Defendants'
Counterclaims.

59.    Wells Fargo denies the averments in paragraph 59 of Defendants'
Counterclaims.

60.    In response to the averment in paragraph 60 of Defendants'
Counterclaims, Wells Fargo incorporates its answers to the averments in paragraphs 1
through 59 of Defendants' Counterclaims.

61.    Wells Fargo denies the averments in paragraph 61 of Defendants'
Counterclaims.

62. Wells Fargo denies the averments in paragraph 62 of Defendants' Counterclaims.

63. Wells Fargo denies the averments in paragraph 63 of Defendants' Counterclaims.

64. Wells Fargo denies the averments in paragraph 64 of Defendants' Counterclaims.

65. Wells Fargo denies the averments in paragraph 65 of Defendants' Counterclaims.

66. Wells Fargo denies the averments in paragraph 66 of Defendants' Counterclaims.

**AFFIRMATIVE DEFENSES**

Wells Fargo asserts the following affirmative defenses to Defendants' Counterclaims:

A.      Defendants' Counterclaims fails to state a claim on which relief can be granted.

B.      Defendants' Counterclaims are barred by the statute of frauds.

C.      Defendants' Counterclaims are barred by the parol evidence rule.

D.      Wells Fargo reserves the right to assert additional Affirmative Defenses that may result from discovery in this case.

DATED:  February 12, 2013.


/s/
James R. Belcher
Wyoming Bar # 5-2556
BELCHER & BOOMGAARDEN LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of WELLS FARGO BANK'S ANSWER TO DEFENDANTS' COUNTERCLAIMS was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

Michael D. Greear
David Clark
Worrall & Greear, P.C.
Attorneys for Defendants


/s/                    
James R. Belcher