Certified Copy

# In the Matter Of:

## WELLS FARGO vs. NORTHERN ROCKIES

12-CV-221-J

## MICHELLE SCHNEIDER

*August 13, 2013*



800.211.DEPO (3376)
*EsquireSolutions.com*

Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 2 of 9

MICHELLE SCHNEIDER                                        August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                        1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF WYOMING

 3   ----------------------------------------------------------

 4   WELLS FARGO BANK, N.A.,           )
     a national bank,                  )
 5                                     )
               Plaintiff,              )
 6                                     )
          vs.                          )   Case No. 12-CV-221-J
 7                                     )
     NORTHERN ROCKIES NEURO-SPINE,     )
 8   P.C., a Wyoming corporation,     )
     JOHN H. SCHNEIDER, MICHELLE      )
 9   SCHNEIDER, SCHNEIDER LIMITED     )
     PARTNERSHIP, a Wyoming limited   )
10   Partnership, JOHN SCHNEIDER      )
     REVOCABLE TRUST U/A/D            )
11   NOVEMBER 20, 2007, MICHELLE      )
     SCHNEIDER REVOCABLE TRUST        )
12   U/A/D NOVEMBER 20, 2007,         )
     SCHNEIDER MANAGEMENT, LLC,       )
13   a Wyoming limited                )
     liability company,               )
14                                    )
               Defendants.            )
15
     ----------------------------------------------------------
16
                 DEPOSITION OF MICHELLE SCHNEIDER
17                  Taken in behalf of Plaintiff

18                     8:56 a.m., Tuesday
                        August 13, 2013
19

20        PURSUANT TO NOTICE, the deposition of

21   MICHELLE SCHNEIDER was taken in accordance with the

22   applicable Wyoming Rules of Civil Procedure at the

23   offices of Worrall and Greear, 1112 Robertson Avenue,

24   Worland, Wyoming, before Alexis Anderson, Court Reporter

25   and Notary Public of the State of Wyoming.
```



Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 3 of 9

MICHELLE SCHNEIDER                                    August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                    2

```
 1                    A P P E A R A N C E S

 2
     For the Plaintiff:    JAMES R. BELCHER
 3                         Belcher & Boomgaarden, LLP
                           237 Storey Boulevard, Suite 110
 4                         Cheyenne, Wyoming 82009

 5   For the Defendants:   DAVID M. CLARK
                           Worrall & Greear, PC
 6                         1112 Robertson Avenue
                           P.O. Box 552
 7                         Worland, Wyoming 82401-0552

 8

 9                            INDEX
                                                              PAGE
10   DEPOSITION OF MICHELLE SCHNEIDER:

11   Examination by Mr. Belcher                                  3

12

13                       INDEX TO EXHIBITS

14   EXHIBIT                                              IDENTIFIED

15   1          Commercial Guaranty                              7

16   2          Commercial Guaranty                              8

17

18

19

20

21

22

23

24

25
```



Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 4 of 9

MICHELLE SCHNEIDER                                         August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                        10

1    Q.    Revocable trust, yeah.

2    A.    No.

3    Q.    Okay. I want to ask you briefly about this
4  lawsuit, the purpose of why we're here. Are you familiar
5  with the lawsuit that's been filed by Wells Fargo Bank
6  against you and Michelle Schneider Revocable Trust and
7  Dr. Schneider and various other guarantors?

8    A.    Yes.

9    Q.    Do you know that Wells Fargo's asking the court
10 to enter judgment against you personally for the unpaid
11 balance of a loan payable by Northern Rockies
12 Neuro-Spine?

13   A.    Yes.

14   Q.    And are you also aware that Wells Fargo Bank's
15 asking the court to enter a judgment for that same
16 purpose against the Michelle Schneider Revocable Trust?

17   A.    Can you repeat that one more time?

18         MR. BELCHER: Sure. Can you read the
19 question back? Maybe I misstated it.

20         (The last question was read back.)

21   A.    No.

22   Q.    (BY MR. BELCHER) Can you tell me whether you
23 ever spoke to anyone at Wells Fargo Bank -- Wells Fargo
24 Bank about the loan repayment terms of the loan that is
25 at issue here, and that's a loan payable by Northern

Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 5 of 9

MICHELLE SCHNEIDER                                         August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                        11

```
 1   Rockies Neuro-Spine?
 2        A.    I did not.
 3        Q.    Never spoke to anyone at Wells Fargo about the
 4   loan?
 5              MR. CLARK:  Objection, form of the
 6   question.  I mean, is this a new question?
 7              MR. BELCHER:  I just want to make -- I
 8   just want to clarify.
 9              MR. CLARK:  Okay.
10        A.    Seems like to me like two different questions.
11        Q.    (BY MR. BELCHER)  Okay.  Well, I'm in no hurry
12   so I'll ask you again.  Did you ever speak to anyone at
13   Wells Fargo Bank about the Northern Rockies Neuro-Spine
14   loan?
15        A.    Details, no.
16        Q.    Did you ever speak about it generally?
17        A.    Very, very generally.
18        Q.    Can you recall what the conversation was?
19        A.    At certain points they needed my signature in
20   order for things to move forward.
21        Q.    Do you recall who you spoke with at Wells Fargo
22   Bank?
23        A.    Glenn Ross.
24        Q.    Do you recall speaking with anyone else at
25   Wells Fargo Bank about this loan?
```



Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 6 of 9

MICHELLE SCHNEIDER                                        August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                       12

1     A.    No, I do not recall.

2           MR. BELCHER:  Let's go off the record a
3  second.

4                  (Discussion off the record.)

5           MR. BELCHER:  I'm going to proceed.

6     Q.    (BY MR. BELCHER)  Mrs. Schneider, I'm going to
7  ask you some questions about Dr. Jimmie Biles.  Do you
8  know who Dr. Biles is?

9     A.    On advice of Counsel, I choose to use my Fifth
10 Amendment rights.

11    Q.    Okay.  That may dispense with some other
12 questions, but I want to ask you a few so at least you
13 have the opportunity.  Did Dr. Biles name you in a
14 lawsuit?

15    A.    Same as above.  On advice of Counsel, I choose
16 to instill my Fifth Amendment rights.

17    Q.    Okay.  Let me see if I can cut to the chase.
18 If I ask you any questions about Dr. Biles, do you intend
19 to invoke your Fifth Amendment rights?

20    A.    Yes, sir.

21    Q.    Okay.  Then I won't ask anymore.

22    A.    That was faster.

23    Q.    I'd like to ask you a little bit about damages
24 you claim against Wells Fargo Bank.  Do you personally
25 claim any damages against Wells Fargo Bank in the lawsuit

Case 2:12-cv-00221-ABJ Document 33-8 Filed 10/10/13 Page 7 of 9

MICHELLE SCHNEIDER August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES 13

1  that relates to this loan of Northern Rockies
2  Neuro-Spine?
3     A.    You're asking me personally?
4     Q.    Yes.
5     A.    As a -- being that I am a partner or I'll be a
6  signer, I consider myself to have been personally
7  attached to the damages, yes.
8     Q.    Okay. And can you tell me what damages you
9  claim.
10    A.    Again, as being part of -- albeit as a signer
11 or a past employee, the damages that my husband states
12 from a business tie me into those.
13    Q.    So is it -- I want to clarify what you said
14 just to make sure.
15    A.    Uh-huh.
16    Q.    Are you claiming damages as a relative of your
17 husband?
18    A.    As a -- as a partner, business as well as
19 relative.
20    Q.    Okay. Can you explain. You're a partner in
21 which business?
22    A.    I'm stated -- let me think about this question
23 a little bit.
24    Q.    Take your time.
25    A.    Oh, yeah. It is becoming obvious to me through



Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 8 of 9

MICHELLE SCHNEIDER                                      August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                    14

1  knowledge that my signatures are on certain business
2  papers making me a business partner per se.  So as far as
3  those damages, I do include myself in those.
4      Q.   When you say you're a business partner, do you
5  have any ownership interest in Northern Rockies
6  Neuro-Spine?
7      A.   No.
8      Q.   So can I ask you to explain your -- what you
9  mean by being a partner in the business.
10     A.   As far as damages, we can be in from a
11 familial-wife perspective.  The damages experienced by my
12 husband and his business obviously would trickle down
13 into our family; thus, I tie myself into, yes, I have --
14 I am part of those damages.
15     Q.   Okay.  Because the financial impacts on the
16 business --
17     A.   Correct.
18     Q.   -- affect your family?
19     A.   Correct.
20     Q.   That's your claim to damages; is that correct?
21     A.   Yes.
22     Q.   Okay.  Do you know how much you claim in
23 damages against --
24     A.   No.
25     Q.   -- Wells Fargo Bank?



Case 2:12-cv-00221-ABJ   Document 33-8   Filed 10/10/13   Page 9 of 9

MICHELLE SCHNEIDER                                                August 13, 2013
WELLS FARGO vs. NORTHERN ROCKIES                                              15

```
 1      A.   No, sir.
 2      Q.   Mrs. Schneider, do you have any ownership
 3 interest in Northern Rockies Insurance Company?
 4      A.   Not to my knowledge, no.
 5      Q.   I think that's all I have.
 6           MR. CLARK:  All right.  Well, that was
 7 easy.  Thank you.  Read and sign.
 8                (Deposition proceedings concluded
 9                 9:16 a.m., August 13, 2013.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

