James R. Belcher
Wyoming Bar # 5-2556
Crowley Fleck PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**WELLS FARGO BANK'S MOTION TO STRIKE INTERROGATORY ANSWERS OF SCHNEIDER DEFENDANTS OFFERED TO OPPOSE WELLS FARGO BANK'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Crowley Fleck PLLP, moves the Court pursuant to Fed.R.Civ.P. 56(c)(2) to strike the Interrogatory Answers ("Answers") submitted by Defendants John H. Schneider ("Schneider") and Michelle Schneider ("Mrs. Schneider") to oppose Wells Fargo's

1

motion for summary judgment. The Answers constitute the equivalent of a "sham affidavit" as described by courts because the Schneiders have submitted Interrogatory Answers to attempt to create disputed material facts relating to the precise terms of a term loan Wells Fargo is alleged to have promised and the time at which the alleged promise was made. Unlike a sham affidavit, the Answers were served before the Schneiders were deposed. Nevertheless, the Answers are offered to contradict their later sworn deposition testimony. A more detailed discussion follows.

## ARGUMENT

**Sham affidavits (affidavits that contradict sworn testimony) must be stricken.**

Courts have labeled affidavits that contradict prior deposition testimony of the affiant as "sham affidavits." While the Answers are in the form of Interrogatory Answers, they are comparable to an Affidavit. A sham affidavit cannot be used to create a genuine issue of material fact on summary judgment. *Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir. 1986). To determine whether a sham affidavit has been submitted, the trial court must evaluate three factors:

1. Was the affiant cross examined when deposed?
2. Did the affiant have access to pertinent evidence at the time the deposition testimony was given?
3. Does the affidavit attempt to explain confusion from the deposition testimony?

*Id.* A sham affidavit must be excluded to prevent a litigant from undermining the utility of summary judgment by creating an issue of fact by submitting an affidavit to contradict the litigant's testimony. *Id.*

Wells Fargo acknowledges there is authority for allowing an affidavit that conflicts with a litigant's sworn testimony. However, an affidavit can be disregarded where the affidavit "constitutes an attempt to create a sham fact issue." *Sports Racing Svcs. Inc. v. Sports Car Club of America, Inc.* 131 F.3d 874, 893 (10th Cir. 1997 (citing *Franks,* 796 F.2d at 1237)); *see also Rios v. Bigler,* 67 F.3d 1543, 1551-52 (10th Cir. 1995); *Mitchael v. Intracorp, Inc.,* 179 F.3d 847, 854-55 (10th Cir. 1999); *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 973 (10th Cir. 2001); *Lantec v. Novell, Inc.,* 306 F.3d 1003, 1016-17 (10th Cir. 2002); *Gregg v. American Quasar Petroleum Co.,* 840 F.Supp. 1394, 1398-99 (D.Colo. 1993).

Here, the Answers were signed on August 6, 2013, just seven days before Wells Fargo deposed Dr. and Mrs. Schneider. First, the Answers, then the testimony – just the reverse of the normal circumstances that court experience when excluding sham affidavits. Wells Fargo took the depositions of the Schneiders as adverse parties. Thus, the examination was all cross examination, and the Schneiders' counsel, David Clark, defended their depositions. Factor one (cross examination) has been satisfied and compels excluding the Answers.

Given that the Answers were declarations under oath just seven days before the Schneiders were deposed, they undoubtedly had access to pertinent evidence at the time their deposition testimony was taken. In fact, Dr. Schneider verified the accuracy of all Answers to Interrogatories at the conclusion of his deposition. [See Dr. Schneider Depo @ 72:16-73:4, copy attached hereto]. At the end of Wells Fargo's examination, Dr. Schneider's counsel asked for a break and returned, only to state that he had no follow up questions for Dr. Schneider. [Schneider Depo @ 73:8-15]. Thus, Factor Two (available evidence when deposed) compels exclusion of the Answers.

The remaining factor number Three requires the Court to evaluate whether the Answers attempt to explain confusion from the deposition testimony. Mrs. Schneider testified that no one from Wells Fargo ever made any statement to her regarding converting the TI Loan to a long-term loan. [Mrs. Schneider Depo @ 10:22-12:1]. Consequently, her Answers must be stricken. She had no personal knowledge on which to base her Interrogatory Answers.

To assist the Court in evaluating Dr. Schneider's conflicting testimony, a comparison of the Answers and deposition testimony of Dr. Schneider follows.

### Interrogatory Answers

In his Answer to Interrogatory number 8, Dr. Schneider states that Glenn Ross of Wells Fargo Bank promised "at least six times during the 2010-2011 construction process, that the TI Loan would be *converted to a 10-15 year note at very low interest rate*." (emphasis added) [Answer to Interrogatory Number 8, Docket document 35-1, pgs 3 and 4 of 8].

The Defendants were also asked to state "every one of the terms of the long-term, low interest rate that you allege… in your Counterclaim were promised by Wells Fargo." In response, Dr. Schneider states that Mr. Ross represented that the TI Loan would be treated "*identical to* the OMNI Center loan, …*identical to* the OMNI loan structure." (emphasis added) [Answer to Interrogatory Number 18, Docket document 35-1, pg. 5 of 8].

### Deposition Testimony

Seven days after making those sworn statements, however, Dr. Schneider was subjected to cross examination at the time he was deposed. When asked about discussions relating to the TI Loan, Dr. Schneider recalled that the loan was initially

4

discussed with Wells Fargo Bank in "late 2009, maybe early 2010." [Schneider Depo @ 16:21-22]. Dr. Schneider never testified that that any discussion about converting the TI Loan to a long-term loan took place after the loan for the OMNI Project was signed. Defendants' counsel, alone, erroneously asserts that such testimony was delivered. [Defendants' Brief, Docket No. 35, pg. 12 (Dr. Schneider "clearly indicate[d] that it was after the OMNI Project *loan* was signed [that the TI Loan was first discussed]."] (emphasis added). Dr. Schneider did not testify that way. Rather, he stated that "sometime after the signature for the overall project occurred" was the TI Loan discussed.

At that first discussion, Dr. Schneider testified that he would "need money but didn't know how much." [Schneider Depo @ 18:22].

Dr. Schneider then clarified that he "expressed a desire in the inception of the loan to have a long-term loan, not one that would change." [Schneider Depo @ 20:14-15; 20:22-23].

When he was further examined regarding the time when the alleged promise of a long-term loan was made, Dr. Schneider responded: "The inception of the conversation about the TI Loan in its inception…" [Schneider Depo @ 21:18-21]. To confirm when the promise was made, Dr. Schneider responded: "Correct", that in "late 2009 or early 2010 that a Loan like a TI Loan would be converted to a long-term loan." [Schneider Depo @ 21:25-22:5].

As to the length of the term loan, Dr. Schneider testified that it would be a "10-15 year" loan. [Schneider Depo @ 21:20-24; 22:7-10].

Unlike the Answer to Interrogatory 18 that Mr. Ross promised that the TI Loan terms would be "*identical*" to the OMNI Loan, Dr. Schneider testified under cross-

examination that the TI Loan would convert to a long-term loan "*similar* to what OMI Realty was doing for the overall building." [Schneider Depo @ 21:4-7; 22:7-12] (emphasis added).

In the Defendants' Amended Answer and Counterclaims, they alleged that Glenn Ross falsely stated on April 24, 2011, May 18, 2011, and May 19, 2011 that the TI Loan would be converted to a long-term low interest loan within its one year term. [Counterclaim ¶¶ 24, 25, 61, 62]. Wells Fargo exhaustively cross-examined Dr. Schneider regarding those allegations. [Schneider Depo @ 22:19-23:2]. When asked about Mr. Ross's statements at the April 24 meeting, Dr. Schneider stated that the nature of the conversations about the long-term loan "was at the inception and the request of the loan." [Schneider Depo @ 23:4-11]. Dr. Schneider volunteered: "After those conversations, *I did not have repeat conversations with Mr. Ross about that particular fact.*" (emphasis added) [Schneider Depo @ 23:16-18]. Rather, he stated: "I had *ongoing assumption* that my loan would be converted to a long-term loan *similar to* the ONI Realty long-term loan for the overall building." (emphasis added) [Schneider Depo @ 23:21-23].

Wells Fargo further explored the accusations that Mr. Ross falsely promised on May 18 and May 19, 2011 to convert the TI Loan to a long-term loan. When asked about specific discussions to convert the TI Loan to a long-term loan, Dr. Schneider replied "I don't recall specifically discussing that topic." [Schneider Depo @ 26:14-27:1]. When asked about Mr. Ross's statements that Wells Fargo would convert the TI Loan to a long-term loan at the May 19, 2011 meeting, Dr. Schneider responded: "I don't recall the specific conversation." [Schneider Depo @ 27:5-15]. When asked to confirm that there was no specific discussion about converting the TI Loan to a long-

6

term loan at that time, Dr. Schneider responded: "It was ***intrinsically assumed*** that would occur based upon Mr. Ross's previous representations." (emphasis added) [Schneider Depo @ 28:1-4].

### Comparison of Answers to Deposition Testimony

Now, the Defendants seek to retract Dr. Schneider's testimony that Dr. Schneider discussed the TI Loan with Mr. Ross in late 2009 or early 2010, before the OMNI Note was executed. They do so to avoid their inability to recite the terms of the allegedly promised long-term for the TI Loan. When testifying under cross examination, Dr. Schneider testified that the only promise of a term loan for the TI Loan was made at the "inception" of TI Loan discussions and that that subject was never again broached. Rather, he merely assumed that the TI Loan would be converted to a TI Loan. Further, despite the Answer that the TI Loan term loan was to be "identical" to the OMNI Loan (20 year amortization with a 10 year balloon), Dr. Schneider testified that the TI Loan was be to a 10 or 15 year term loan, "similar to" the OMNI Loan. Finally, when cross examined about the truth of the allegations in the Defendants' Counterclaims that Mr. Ross had promised on April 24, 2011 and again on May 18 and 19, 2011 that the TI Loan would be converted to a term loan at maturity, Dr. Schneider testified that the conversations had taken place prior to those dates, he did not have repeat conversations about the TI Loan term loan and he had no specific recollection of discussions about converting the TI Loan to a term loan on those dates.

In other words, the Interrogatory Answers all proved to be false when Dr. Schneider was subjected to cross examination. They are merely the same as a "sham affidavit" that should be stricken.

7

Wells Fargo respectfully requests that the Court strike the Answers to Interrogatory Nos. 8 and 18.

Dated this 6th day of November, 2013.

/s/
James R. Belcher
Wyoming Bar # 5-2556
CROWLEY FLECK PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of WELLS FARGO BANK'S MOTION TO STRIKE INTERROGATORY ANSWERS was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

    Michael D. Greear
    David Clark
    Worrall & Greear, P.C.
    Attorneys for Defendants

                                                    /s/ _____
                                                    James R. Belcher