Michael D. Greear
Wyoming Bar # 6-2776
Worrall & Greear, P.C.
P.O. Box 552
Worland, WY 82401
(307) 347-9801
(307) 347-2859
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A.,<br> a national bank, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-<br>SPINE, P.C., a Wyoming corporation,<br>JOHN H. SCHNEIDER, MICHELLE<br>SCHNEIDER, SCHNEIDER LIMITED<br>PARTNERSHIP, a Wyoming limited<br>partnership, JOHN SCHNEIDER<br>REVOCABLE TRUST U/A/D<br>NOVEMBER 20, 2007, MICHELLE<br>SCHNEIDER REVOCABLE TRUST<br>U/A/D NOVEMBER 20, 2007,<br>SCHNEIDER MANAGEMENT, LLC,<br>a Wyoming limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

OBJECTION TO WELLS FARGO BANK'S
MOTION TO STRIKE INTERROGATORY ANSWERS OF
SCHNEIDER DEFENDANTS OFFERED TO OPPOSE WELLS FARGO
BANK'S MOTINO FOR SUMMARY JUDGMENT

Defendants, Northern Rockies Neuro-Spine, P.C., John H. Schneider, Michelle Schneider, Schneider Limited Partnership, John Schneider Revocable Trust U/A/D November 20, 2007, Michelle Schneider Revocable Trust U/A/D November 20, 2007, and Schneider Management, LLC, ("Defendants") by and through undersigned counsel, submit this objection to WELLS FARGO BANK'S MOTION TO STRIKE INTERROGATORY ANSWERS OF SCHNEIDER DEFENDANTS OFFERED TO OPPOSE WELLS FARGO BANK'S MOTION FOR SUMMARY JUDGMENT.

INTRODUCTION AND SUMMARY OF ARGUMENT

Wells Fargo filed a motion for summary judgment, seeking judgment in its favor with respect to all claims and counterclaims asserted in this matter. In response to that motion, Defendants filed interrogatory answers (referred to as "Answers") demonstrating disputed facts which would render summary judgment inappropriate.

Wells Fargo has filed a motion asking this Court to strike the Answers from the record. Wells Fargo's principal argument appears to be that the Answers should be viewed the equivalent of a "sham affidavit."

As Wells Fargo acknowledges, the Answers were not prepared to contradict prior sworn testimony. In fact, the Answers were sworn to prior to the sworn testimony Wells Fargo attempts to rely on. Wells Fargo is really arguing the weight of the evi-

dence—as opposed to be Answers being a sham affidavit. Furthermore, Wells Fargo has failed to follow local rules regarding non-dispositive motions; accordingly, the motion to strike is premature.

## ARGUMENT

*I. The Answers cannot be treated as "sham affidavits" when they were prepared and sworn to prior to the depositions.*

Defendants' response to Wells Fargo's motion for summary judgment directs the Court's attention to disputed questions of fact—some of which are made apparent by the Answers which Wells Fargo seeks to strike from the record. The motion to strike is an implicit acknowledgment that the Answers demonstrate disputed questions of fact. In order to prevail on their motion to strike (which Wells Fargo must in order to prevail on their motion for summary judgment), Wells Fargo attempts to convince this Court that there is no difference between the Answers and a "sham affidavit," as that term of art has been applied by various courts. But what has happened here, as described even in Wells Fargo's motion, is not the equivalent of a sham affidavit.

Assume, for the purposes of argument only, that Wells Fargo is correct in asserting that the Answers are contradicted by the deposition testimony. That alone is not sufficient to warrant the relief sought by Wells Fargo. *See Durtsche v. Am. Col-*

*loid Co.*, 958 F.2d 1007, 1011 (10th Cir. 1992) (discussing *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir.1986) and explaining: "That case holds, however, that an affidavit submitted on a summary judgment motion which conflicts with the affiant's earlier sworn testimony is not automatically disregarded."). "The court first must determine whether the conflicting affidavit is simply an attempt to create a 'sham fact issue.'" *Id.* (citing *Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir.1986)).

Wells Fargo has, with apparent reason, modified the three factor test employed by the *Franks* Court to determine whether an affidavit constitutes a sham. [Wells Fargo Motion to Strike, p. 2]. The three factors from *Franks* are:

> 1. [W]hether the affiant was cross-examined during his *earlier testimony*,
> 2. [W]hether the affiant had access to the pertinent evidence at the time of his *earlier testimony* or whether the affidavit was based on newly discovered evidence, and
> 3. [W]hether the *earlier testimony* reflects confusion which the affidavit attempts to explain.

*Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986)) (emphasis added).

There is a critical difference between the *Franks* factors and the factors that Wells Fargo would like this Court to adopt: A sham affidavit must come after the deposition testimony and as a belated attempt to create issues of fact to defeat a motion for summary judgment. Applying the *Franks* factors, it would be more apropos to discuss whether the deposition testimony, rather than the Answers, should be stricken. When the Answers were signed, there was no earlier testimony.

4

Wells Fargo cites five cases supporting the argument that sham affidavits may be stricken from the record. [Wells Fargo Motion to Strike, p. 3, citing *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 881 (10th Cir. 1997); *Rios v. Bigler*, 67 F.3d 1543, 1547 (10th Cir. 1995); *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 855 (10th Cir. 1999); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973-74 (10th Cir. 2001); *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002); *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1398 (D. Colo. 1991)].

But in each of those cases, an affidavit was prepared and submitted in connection with motions for summary judgment with the sole, apparent purpose of creating an issue of fact. In other words, none of those cases support the actual argument of Wells Fargo; i.e., that answers to interrogatories served prior to a deposition can be stricken if they are contradicted by *later* deposition testimony.

Wells Fargo would prefer to pick and choose which evidence it would like to see as part of the record. Wells Fargo perceives inconsistencies in the record and moves to strike the evidence that is most damaging to their case. But, as the *Franks* Court noted, an inconsistency will result in a stricken affidavit only where it can be shown the conflicting affidavit is "simply an attempt to create a 'sham fact issue.'" *Franks v. Nimmo,* 796 F.2d at 1237.

The Answers were not submitted for that purpose. Rather, they were, logically, submitted in response to Wells Fargo's Interrogatories in advance of the deposi-

5

tions. As such, even if there were to be found inconsistencies between the Answers and the later depositions, the motion to strike should be denied.

Wells Fargo seems to alternatively argue that the deposition testimony should be treated as a cross-examination of the sworn statements in the Answers. [Wells Fargo Motion, p. 7]. Wells Fargo's argument then seems to be that the "cross examination" reveals evidence different than what was earlier obtained by way of the Answers. The argument then follows that this Court should find the deposition answers *as interpreted by Wells Fargo* to be more credible than the Answers, and that this Court should accordingly disregard the Answers in ruling on summary judgment.

In other words, Wells Fargo asks this Court to disregard the clear and well-settled standards applicable to summary judgment: "The court's function at the summary judgment stage is not to weigh evidence but merely decide whether there is a genuine issue of fact for trial." *Scott's Liquid Gold, Inc. v. Lexington Ins. Co.*, 293 F.3d 1180, 1183 (10th Cir. 2002) (citing *TPLC, Inc. v. United Nat'l Ins. Co.,* 44 F.3d 1484, 1489 (10th Cir.1995)).

  II.  *Contrary to the assertion of Wells Fargo, there are no inherent "lies" when comparing the Answers to the sworn testimony.*

The above analysis assumes there are irreconcilable inconsistencies between the Answers and the deposition testimony of Defendants—pointing out that even if that were correct, Wells Fargo's motion should be denied. Wells Fargo asserts various inconsistencies in an attempt to have the Answers stricken. Chief among those perceived inconsistencies is a timeline issue. Specifically, whether certain statements were made by Glenn Ross after the OMNI Loan was signed, or beforehand. [See Wells Fargo Motion, pp. 4-5].

> Wells Fargo's counsel makes the following accusation in the motion to strike:
>> Dr. Schneider never testified that that [sic] any discussion about converting the TI Loan to a long-term loan took place after the loan for the OMNI Project was signed. Defendants' counsel, alone, erroneously asserts that such testimony was delivered. [Defendants' Brief, Docket No. 35, pg.. 12 (Dr. Schneider "clearly indicate[d] that it was after the OMNI Project loan was signed [that the TI Loan was first discussed]."] (emphasis added). Dr. Schneider did not testify that way. Rather, he stated that "sometime after the signature for the overall project occurred" was the TI Loan discussed.

[Wells Fargo Motion, p. 5]. It is conceded that undersigned counsel's prior use of the word "clearly" may overstate Defendants' case. But it does not defeat the overriding point. While an alternate explanation of what Dr. Schneider stated may be conceived by Wells Fargo, it seems more than a fair inference that Dr. Schneider was referring to the OMNI Project loan when he referenced the signature for the overall project. Wells Fargo infers that the statement made by Dr. Schneider was referencing something else, without stating what, specifically. And Wells Fargo would have

7

this Court accept their interpretation over conflicting interpretations that might be logically drawn from the evidence.

While Wells Fargo couches its motion to strike in terms of a sham affidavit, what they are really arguing is that this Court should weigh the evidence and determine that the evidence supporting Wells Fargo's position, as interpreted by Wells Fargo, should be found more credible than other evidence that may contradict that interpretation. Again, this is not the function of the Court in ruling on a motion for summary judgment. *Scott's Liquid Gold, Inc.*, 293 F.3d at 1183.

*III. Wells Fargo's motion is premature, as there is yet to be compliance with local rules regarding non-dispositive motions.*

The United Stated District Court for the District of Wyoming Local Civil Rules state, in pertinent part:

> Duty of Counsel to Confer. Except as otherwise ordered, the Court will not entertain any nondispositive motion unless counsel for the moving party has conferred orally, in person or by telephone, and has made reasonable good faith efforts to resolve the dispute with opposing counsel prior to the filing of the motion. Counsel for the moving party shall set forth in writing all good faith efforts undertaken to resolve the dispute and the Court will not consider the motion until said information is provided.

U.S.D.C.L.R. 7.1(b)(1)(A).

Wells Fargo's motion to strike is a nondispositive motion. Wells Fargo did not confer with opposing counsel, nor has Wells Fargo set forth in writing any efforts undertaken to resolve the dispute. The rule clearly states that the Court will accordingly not consider the motion until that information is provided. Accordingly, Wells Fargo's motion is premature.

## CONCLUSION

Wells Fargo's motion to strike is premature, as Wells Fargo has yet to comply with local rules setting forth the procedure to be followed prior to filing a nondispositive motion.

Even if this Court were to consider Wells Fargo's motion to strike, it should be denied, as the Answers do not constitute a sham affidavit. Wells Fargo has not produced any other reasoning or rule of law that would support their request for relief.

**DATED** this 19th day of November 2013.

**WORRALL & GREEAR, P.C.**

By: _____/s/_____
    Michael D. Greear, WSB #6-2776
    P.O. Box 552
    Worland, WY  82401
    Voice: (307) 347-9801
    Fax: (307) 347-2859
    mgreear@rtconnect.net

>By:_____/s/_____
>David M. Clark, WSB #6-4133
>P.O. Box 552
>Worland, WY  82401
>Voice: (307) 347-9801
>Fax: (307) 347-2859
>dc@rtconnect.net
>
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2013, I filed the foregoing electronically through the CM/ECF system or by mailing a true and correct copy by United States mail, postage pre-paid and addressed as follows:

James R. Belcher
Belcher & Boomgaarden LLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009

>_____/s/_____
>David M. Clark