James R. Belcher
Wyoming Bar # 5-2556
Crowley Fleck PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-221-J |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**WELLS FARGO BANK'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DAMAGES EVIDENCE**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Crowley Fleck PLLP, moves the Court to exclude any damages testimony offered by the Defendants. Fed.R.Civ.P. 37(c)(1) bars a party from using evidence the party failed to provide under Fed.R.Civ.P. 26(a). In this case, the Defendants were required to provide a calculation of damages claimed by the Defendant. Failure to do so is grounds for excluding damages evidence.

1

*Kern River Gas Transmission Co. v. 6.17 Acres of Land,* 156 Fed.Appx. 96, * 101-102 (10th Cir. 2005), 2005 WL 3257509 ** 3-5 (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 992-93 (10th Cir. 1999), *et al*). This court must determine four factors in determining whether to exclude such evidence:

1. Prejudice or surprise to Wells Fargo,

2. Ability of the Defendants to cure the prejudice,

3. Extent to which introducing damages evidence would disrupt the trial, and

4. Defendant's bad faith or willfulness in failing to disclose their damages calculation.

*Woodworker's Supply,* 170 F.3d at 993.

In this case, the Defendants failed to provide any calculation of damages in their Rule 26 disclosures. Rather, they stated:

> Computation of damages currently unavailable. Defendants reserve the right to supplement this response as information becomes available upon which such calculation can be provided. (See WFB Exhibit 1 hereto).

The Defendants never supplemented their Rule 26 disclosures. Consequently, Wells Fargo sought to discover the damages the Defendants claim. In their response to Wells Fargo's interrogatories, the Defendants stated that NRNS suffered a "reduction in profits" between 2011 and 2012, 25% of which was attributable to Wells Fargo's alleged failure to convert the TI Loan to a long-term loan. (See Answers to Interrogatory No. 21, WFB Exhibits 2 and 3 hereto). Those discovery responses were served on August 8, 2013.

Wells Fargo also requested that the Defendants produce copies of all documents on which the Defendants based their responses to Interrogatories. (See Request for Production No. 1, WFB Exhibits 4 and 5 hereto). The Defendants never produced any documents.

Wells Fargo deposed Dr. Schneider on August 13, 2013, just five days after the Defendants served their Interrogatory responses. When examined about the damages claim, Dr. Schneider testified that the $2,326,018.67 amount stated in the Interrogatory answer was lost revenue, not lost profit. (WFB Exhibit 6 hereto; pp. 43-52 of deposition transcript of Dr. Schneider). Dr. Schneider testified that damages resulted from NRNS's need to "amass moneys to try to meet [the obligation to repay the TI Loan in full]." (WFB Exhibit 6 hereto @ 44:6-16). However, NRNS never applied any of the revenues it received to pay the TI Loan. Rather, it used the revenues to pay other creditor claims. (WFB Exhibit 6 hereto @ 51:15 to 52:14). Finally, Dr. Schneider characterized the apportionment of the loss in revenues between Wells Fargo's refusal to convert the TI Loan to a long-term loan and other causes as a "guesstimation." (WFB Exhibit 6 @ 50:5-16).

This Court's Initial Pretrial Order established an August 15, 2013 discovery cutoff. (Docket Doc. # 27]. No supplement to the Defendants' Rule 26 discovery disclosure has ever been made to include a damages calculation (including a calculation of lost profits), and no documents have ever been produced to support any damages claim. A claim for lost profits may be a proper measure of damages but proof thereof must be based on i) a loss of profits, ii) the amount of lost profits can be determined with a reasonable degree of certainty, and iii) the acts of the damaging party caused the lost profits. *Hopper v. All Pet Animal Clinic, Inc.,* 861 P.2d 531, 547-48 (Wyo. 1993). Calculating the cost and expense of operations is an essential

item in proving lost profits. *Id.* at 548. Here, the damages claim disclosed is solely for lost revenue, not lost profit. Lost revenue is not a proper measure of damages.

With no calculation of damages disclosed and no documents identified or produced that support the Defendants' damages claim, coupled with Dr. Schneider's sworn testimony that the Defendants' damages claim is based on lost revenue and not lost profits, any evidence of damages offered at trial would be a complete surprise to Wells Fargo, thereby precluding Wells Fargo from rebutting such evidence. Further, Wells Fargo would have no ability to cure the prejudice because it does not know what to expect and the time to conduct further discovery has expired. The only way this could be resolved would be to postpone the trial, thereby disrupting the scheduled trial and the schedules of the Court, the parties and their counsel. Finally, the Defendants had almost one year after the Complaint was filed to determine their damages claim. Their failure to do so, their failure to provide a calculation and to report damages based on lost revenues and not lost profits, and their failure to disclose or produce documents that support their damages claim constitutes bad faith and willfulness in failing to disclose their claim for damages.

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny the Defendants the right to introduce any evidence of damages at trial.

Dated this 29th day of November, 2013.

/s/
James R. Belcher
Wyoming Bar # 5-2556
CROWLEY FLECK PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of WELLS FARGO BANK'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DAMAGES EVIDENCE and all Exhibits thereto was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

    Michael D. Greear
    David Clark
    Worrall & Greear, P.C.
    Attorneys for Defendants

                                          /s/
                                          James R. Belcher