Michael D. Greear
Wyoming Bar # 6-2776
Worrall & Greear, P.C.
P.O. Box 552
Worland, WY 82401
(307) 347-9801
(307) 347-2859
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WELLS FARGO BANK. N.A.,<br> a national bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-221-J |
| | ) | |
| NORTHERN ROCKIES NEURO-<br>SPINE, P.C., a Wyoming corporation,<br>JOHN H. SCHNEIDER, MICHELLE<br>SCHNEIDER, SCHNEIDER LIMITED<br>PARTNERSHIP, a Wyoming limited<br>partnership, JOHN SCHNEIDER<br>REVOCABLE TRUST U/A/D<br>NOVEMBER 20, 2007, MICHELLE<br>SCHNEIDER REVOCABLE TRUST<br>U/A/D NOVEMBER 20, 2007,<br>SCHNEIDER MANAGEMENT, LLC,<br>a Wyoming limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTION TO WELLS FARGO BANK'S
## MOTION IN LIMINE TO EXCLUDE DEFENDANTS'
## DAMAGES EVIDENCE

Defendants, Northern Rockies Neuro-Spine, P.C., John H. Schneider, Michelle Schneider, Schneider Limited Partnership, John Schneider Revocable Trust U/A/D November 20, 2007, Michelle Schneider Revocable Trust U/A/D November 20, 2007, and Schneider Management, LLC, ("Defendants") by and through undersigned counsel, submit this objection to WELLS FARGO BANK'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DAMAGES EVIDENCE.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Wells Fargo has filed a motion in limine asking this Court to prevent Defendants from presenting any evidence of damages. The said motion is premised upon Wells Fargo's assertion that Defendants have failed to provide a calculation of damages.

As demonstrated by the very submissions of Wells Fargo, Defendants have, by way of their answers to interrogatories propounded by Wells Fargo as well as by way of deposition testimony, provided Wells Fargo with a calculation of damages that Defendants intend to prove at trial. While Wells Fargo asserts that this was not included in Defendants' Rule 26 disclosure, or any supplement, the factors this Court would employ in granting the relief requested by Wells Fargo militate in favor of Defendants. Accordingly, the Court should deny the motion in limine.

## ARGUMENT

As conceded in Wells Fargo's motion, the following factors are to be considered in determining whether to exclude damages evidence:

1. Prejudice or surprise to Wells Fargo,

2. Ability of the Defendants to cure the prejudice,

3. Extent to which introducing damages evidence would disrupt the trial, and

4. Defendants' bad faith or willfulness in failing to disclose their damages calculation.

[Wells Fargo Motion in Limine ("Motion"), p. 2 (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 992, 993 (10th Cir. 1999)]. The first factor is a non-issue here, as Wells Fargo concedes that it has been provided a damages calculation by way of answers to interrogatories and as further explored in the deposition of Dr. Schneider. To the extent Wells Fargo were able to show any prejudice or surprise, there is yet time for Defendants to cure any such prejudice upon this Court's allowance of further, limited discovery. This would present no surprise to Wells Fargo so long as it does not contradict or vary the damages calculation provided by Defendants to Wells Fargo. Wells Fargo has not attempted to argue that presentation of damages consistent with the interrogatory answers would disrupt the trial.

This is not a case analogous to the Tenth Circuit case cited by Wells Fargo. *Kern River Gas Transmission Co. v. 7.16 Acres of Land*, 156 Fed.Appx. 96 (10th Cir. 2005). In that case, despite repeated requests, repeated extensions of time to comply, and court orders for the production of certain documents, a party refused to comply with the discovery process. *Id.*

Wells Fargo further argues, in essence, that the damages calculation provided by Dr. Schneider is based solely on lost revenues, despite the clear statement to the contrary in the answer to interrogatories that it is based on lost profits. This assertion is based upon the deposition testimony of Dr. Schneider, attached to the motion in limine as Exhibit 6. But Wells Fargo mis-characterizes that deposition testimony. In answering counsel's questions regarding the lost profits calculation, Dr. Schneider clearly discusses both revenues as well as expenses which would be used to derive profits—and by extension, damages in the form of lost profits.

In this regard, What Wells Fargo has couched as an argument in favor of exclusion is merely an argument that Defendants' calculation and measure of damages will fail to meet the burden of proof. But that is a premature closing argument rather than grounds for exclusion.

Aside from the lost profits damages asserted by Defendants, Defendants would be damaged by Wells Fargo's failure to abide by its promise as set forth in the counterclaim. If it is proven at trial that Wells Fargo did make that promise, together with

the other elements of any of the various claims for relief sought by Defendants, then it may be determined by this Court that the only adequate remedy to prevent injustice is for Wells Fargo to extend credit as promised.

## CONCLUSION

The Court should deny Wells Fargo's motion in limine, and this matter should proceed to trial so that a trier of fact may weigh the evidence with respect to Defendants' proof of damages.


DATED this 13th day of December 2013.

**WORRALL & GREEAR, P.C.**


By:_____/s/_____
    Michael D. Greear, WSB #6-2776
    P.O. Box 552
    Worland, WY  82401
    Voice: (307) 347-9801
    Fax: (307) 347-2859
    mgreear@rtconnect.net

By:_____/s/_____
    David M. Clark, WSB #6-4133
    P.O. Box 552
    Worland, WY  82401
    Voice: (307) 347-9801
    Fax: (307) 347-2859
    dc@rtconnect.net

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2013, I filed the foregoing electronically through the

CM/ECF system or by mailing a true and correct copy by United States mail, postage prepaid and

addressed as follows:


James R. Belcher
Crowley Fleck PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009


_____/s/_____
David M. Clark
