James R. Belcher
Wyoming Bar # 5-2556
Crowley Fleck PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY 82009
(307) 426-4105
(307) 426-4099 (FAX)
Attorneys for Wells Fargo Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WELLS FARGO BANK. N.A., a national bank, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CV-221-J ) |
| NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming corporation, JOHN H. SCHNEIDER, MICHELLE SCHNEIDER, SCHNEIDER LIMITED PARTNERSHIP, a Wyoming limited partnership, JOHN SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, MICHELLE SCHNEIDER REVOCABLE TRUST U/A/D NOVEMBER 20, 2007, SCHNEIDER MANAGEMENT, LLC, a Wyoming limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**WELLS FARGO BANK'S REPLY ON MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DAMAGES EVIDENCE**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys Crowley Fleck PLLP, replies to the objection of the Defendants to Wells Fargo's motion in limine to exclude damages testimony offered by the Defendants.  Wells Fargo reiterates that Fed.R.Civ.P. 37(c)(1) bars a party from using evidence the party failed to provide under Fed.R.Civ.P. 26(a).

The Defendants do not deny that they failed to provide the "calculation of damages" required by Fed.R.Civ.P. 26(a) nor do they explain why they failed to do so. Rather, they simply assert that their Answer to Interrogatory No. 21 is a "clear statement" that the $2,326,018.67 figure is "lost profits." When placed under oath, however, Dr. Schneider recanted. That figure is gross revenue, not gross profit and not profit. [WFB Ex 6 @ 45:6-8; 48:7-15].

Further, the Defendants failed to make available for Wells Fargo's inspection the documents and other evidentiary material on which the Defendants' damages claim (as explained by Dr. Schneider) is based. This, too, violates Rule 26(a). In formal discovery, Wells Fargo asked the Defendants to produce copies of all documents on which they based their Interrogatory responses. [WFB Ex 4, 5]. Despite Dr. Schneider's testimony that the damages claim was based on he and his attorney's review of the NRNS "profit and loss statements of 2010, 2011 and 2012" [WFB Ex 6 @ 45:6-15], no profit and loss statements or any other documents on which the alleged damages are based was made available or produced to Wells Fargo - including after Dr. Schneider was deposed more than four months ago. Again, the Defendants provide no explanation why such documents were never disclosed or produced. Rather, they are content to inaccurately respond to Wells Fargo's Interrogatory question, rely only on an "estimate" or "guesstimation" of damages [WFB Ex 6 @ 49:11, 50:15] and expect Wells Fargo to somehow prepare for trial with no calculation of alleged damages or disclosure of supporting documents.

The Defendants contend that Wells Fargo has conceded there is no prejudice or surprise to Wells Fargo because Dr. Schneider attempted to guess at a viable damages claim. The requirement to make damages documents available under Rule 26(a), and the requirement that the Defendants properly respond to Wells Fargo's discovery responses by producing documents supporting their damages claim, explain the fallacy of the Defendants' contention. Wells Fargo

2

is unable to prepare for trial without such documents and the time remains to conduct discovery has long ago lapsed. To overcome this prejudice (due to their admitted failure to comply with Rule 26 and the discovery rules), the Defendants now propose that the Court force Wells Fargo to engage in a hurried, last-minute discovery process sometime prior to the January 23, 2014 pretrial conference and February 12, 2014 trial. The parties' witness and exhibits list were filed on November 29, 2013. The Defendants (and, of course, Wells Fargo) did not list any exhibits on which the damages claim is allegedly based.

Dr. Schneider's explanation of damages is not simple. According to Dr. Schneider, it requires a comparison of 2010, 2011 and 2012 NRNS gross revenues. It also requires discovery of the compensation of at least four allegedly terminated employees: a physician's assistant, nurse practitioner, [unknown] internal medicine physician and operational manager, and perhaps Dr. Schneider himself. [WFB Ex 6 @ 46:6 - 48:15]. It also requires analysis of NRNS's "historical overhead." [WFB Ex 6 @ 48:18 – 22]. Assuming any of that information supports the damages claim, discovery relating to the alleged impact of the failure of a surgery center to open at the OMNI center and impact of bad publicity relating to the Jimmie Biles lawsuit and allegations of witness tampering must also be conducted. [WFB Ex 6 @ 49:2 to 50:16]. Wells Fargo's counsel's schedule does not allow him to conduct unplanned, expedited and exhaustive discovery. He must prepare for and attend evidentiary hearings scheduled in bankruptcy court, an oral argument in the Wyoming Supreme Court and other previously scheduled appointments that cannot be changed.

The Defendants have made no effort to cure this prejudice and provide no explanation why. Wells Fargo has already explained that it will be prejudiced at trial due to the Defendants' failure to comply with governing discovery rules. The Court pointed out in its Initial Pretrial

Order that each party has a "continuing duty to supplement or correct all discovery disclosures." Despite this warning, the Defendants failed to fulfill the promise in their Rule 26.1 Initial Disclosure to "supplement this [damages response] as information becomes available upon which such a calculation can be provided." With no explanation for their failure to provide a calculation or to make available or produce documents on which their damages calculation is based, the Court should determine that their failure to do so was, at a minimum, willful. Their unexcused failure to supplement, even today after Wells Fargo filed its motion in limine, tends to show they did so in bad faith.

Wells Fargo has demonstrated that exclusion of damages evidence is warranted under the factors announced in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985 (10th Cir. 1999). Wells Fargo does not "know the numbers" because the Defendants never provided a calculation of lost profits (*id.* at 993) or the documents on which the lost profits damages claim is based; it knows only that Dr. Schneider testified that $2,326,018.67 is the alleged lost gross revenues, to which he attributes 25% to Wells Fargo. In addition, this case is similar to the *Kern River* case in which the Tenth Circuit affirmed the trial court's refusal to allow evidence a party had failed to disclose. *Kern River Gas Transmission Co. v. 6.17 Acres of Land,* 156 Fed.Appx. 96, * 99-102  (10th Cir. 2005), 2005 WL 3257509 ** 2-5 (citations omitted). This case is even more egregious. In *Kern River*, the complaining party had listed the excluded documents in its Rule 26(a) disclosure but had not provided them after an informal request for the documents had been made. Here, the Defendants completely failed to disclose any documents and failed to produce them despite Wells Fargo's Fed.R.Civ.P. 34 formal request for production of documents.

The Court should ignore the Defendants' claim that they will be prejudiced if the Court excludes their damages evidence. They fail to cite any authority that the Court must take into account their alleged prejudice. A good reason exists for the paucity of their plea. A party like the Defendants cannot claim prejudice when their own failure to comply with governing rules is the cause of their alleged harm. Said another way, the Defendants do not have "clean hands," and their unexcused plea for a chance to comply with long-established, well known rules should be ignored. Granting them a last-minute chance to do what they nine months ago were required, and promised, to do interferes with Wells Fargo's right to adequately discover alleged facts and prepare for trial and disrupts the Court's schedule and the litigation process.

Accordingly, the Court should exclude the Defendants' damages evidence because the Defendants have not demonstrated that their failure to provide a calculation of damages or produce documents supporting their damages claim was "substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

Dated this 20th day of December, 2013.

/s/
James R. Belcher
Wyoming Bar # 5-2556
CROWLEY FLECK PLLP
237 Storey Boulevard, Ste. 110
Cheyenne, WY  82009
(307) 426-4105
ATTORNEYS FOR WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of WELLS FARGO BANK'S REPLY ON MOTION IN LIMINE TO EXCLUDE DEFENDANTS' DAMAGES EVIDENCE and all Exhibits thereto was served on Defendants at the time it was filed, by the Court's CM/ECF electronic email system to the following:

    Michael D. Greear
    David Clark
    Worrall & Greear, P.C.
    Attorneys for Defendants

    /s/
    James R. Belcher